**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-56499 |
| Plaintiff-Appellee, | D.C. Nos. 3:02-cv-01391-ER |
| v. | 3:96-cr-00698-DMS-3 |
| JAMES A. MALKUS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted August 8, 2017[**]
Pasadena, California

Before: REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

1. *Skilling v. United States* narrowed 18 U.S.C. § 1346 to bribery or

kickback schemes, but stopped short of declaring the statute unconstitutionally

vague. *See* 561 U.S. 358, 412 (2010). The facts recited in this court's decision on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Malkus's first appeal and established by the record here show that Malkus's conviction rests on a bribery scheme and falls within the heartland of post-*Skilling* honest services fraud. *See United States v. Frega*, 179 F.3d 793, 798 (9th Cir. 1999). Malkus's conviction also comports with *United States v. Milovanovic*, 678 F.3d 713, 726–29 (9th Cir. 2012) (en banc) (describing the reach of the honest services fraud statute after *Skilling*).

2. Nor does *McDonnell v. United States* establish that Malkus was wrongfully convicted. Before a defendant may be convicted of honest services fraud, the government must prove that the defendant "committed or agreed to commit an 'official act' in exchange for" something of value. 136 S. Ct. 2355, 2365 (2016). *McDonnell* clarified that to prove an "official act" took place, the government must first "identify a 'question, matter, cause, suit, proceeding or controversy' that 'may at any time be pending' or 'may by law be brought' before a public official." *Id.* at 2368 (quoting 18 U.S.C. § 201(a)(3)). The "question" or "matter" must "involve[] a formal exercise of governmental power that is similar in nature to a lawsuit, administrative determination, or hearing." *Id.* at 2370. The government must also "prove that the public official made a decision or took an action 'on' that question, matter, cause, suit, proceeding, or controversy, or agreed to do so." *Id.* at 2368. The record establishes that Malkus took an "official act" as

defined by *McDonnell* when he awarded attorney Patrick Frega's client more than $4 million while accepting gifts from Frega.

Malkus also argues that the government conceded there was no quid pro quo and thus the government could not have established that the requisite "official act" occurred in return for Frega's gifts. But the government concedes only that it did not show an *explicit* quid pro quo arrangement; rather, it showed an *implicit* one. *McDonnell* does not require more. *Id.* at 2371 ("The agreement need not be explicit, and the public official need not specify the means that he will use to perform his end of the bargain."); *see also United States v. Garrido*, 713 F.3d 985, 997 (9th Cir. 2013) ("Section 1346 honest services convictions on a bribery theory . . . require at least an implied *quid pro quo*."). A jury may "conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform an 'official act' in return." *McDonnell*, 136 S. Ct. at 2371.

Furthermore, nothing prevented Malkus from raising the question whether the government "prove[d] a link between a thing of value conferred upon a public official and a specific 'official act' for or because of which it was given" in his first appeal. *See Frega*, 179 F.3d at 805 n.11 (citing 18 U.S.C. § 201(c)(1)(A)). *McDonnell* did not change the "linkage" requirement of federal bribery statutes,

3

and any belated sufficiency of the evidence argument does not justify the extraordinary remedy of coram nobis relief. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." (second alteration in original) (citation omitted)).

**AFFIRMED.**